*244 OPINION OF THE COURT
Per Curiam.
Orders entered August 12, 1998 and February 8, 1999 affirmed, for the reasons stated in the decision of Judge Lucy Billings, at the Criminal Court (see, 178 Misc 2d 958, 967-968).
We sustain the dismissal of these companion criminal prosecutions on nonconstitutional grounds (see, People v Davis, 43 NY2d 17, 29), and note our agreement that the permit requirements contained in the New York City Department of Parks and Recreation regulations here at issue (56 RCNY 1-05 [b]; 1-03 [c] [1]) are not properly enforced against general vendors, such as defendants herein, who exclusively trade in written matter. The agency permit system directly contravenes the provisions of Administrative Code of the City of New York § 20-473, which explicitly and unambiguously exempt general vendors “who exclusively vend written matter” from compliance with the “written authorization” or permit requirements contained elsewhere in the Code (see, Administrative Code § 20-465 Q]). While Administrative Code § 20-473 confers upon the Commissioner of the Department of Parks and Recreation the authority “to regulate the vending of written matter in a manner consistent with the purpose of the parks and the declared legislative intent of this subchapter,” that grant of authority may not be read so broadly as to allow the Commissioner to criminalize through administrative fiat that which the City Council has legislatively authorized. An administrative agency “cannot by its regulations effect its vision of societal public choices * * * and may adopt only rules and regulations which are in harmony with the statutory responsibilities it has been given to administer * * * The agency cannot make unlawful what the Legislature still has on the books as lawful.” (Matter of Campagna v Shaffer, 73 NY2d 237, 242-243 [citations omitted].)
Parness, P. J., Davis and Suarez, JJ., concur.