Robert LEDERMAN, et al.,
Plaintiffs–Appellees,

Del–Bouree Bach, et al., Consolidated–
Plaintiffs–Appellees,

v.

Sergeant ROSADO, in his individual and official capacities, Defendant–Appellant,

City of New York, Rudolph Giuliani, Mayor of the City of New York in his individual and official capacities, New York City Police Department, Howard Safir, Commissioner of the New York City Police Department, in his individual and official capacities, New York City Department of Parks and Recreation, Henry J. Stern, Commissioner of the Department of Parks and Recreation, in his individual and official capacities, Alexander R. Brash, in his individual and official capacities, and John Does Nos. 1–10, Consolidated–Defendants–Appellants,

Officer Haynes, Officer E. Ryan and Sergeant Brown, Defendants.

Nos. 01–9029, 99–6054.

United States Court of Appeals, Second Circuit.

July 15, 2003.

Elizabeth I. Freedman, Assistant Corporation Counsel of the City of New York (Michael A. Cardozo, Leonard Koerner, Robin Binder, of counsel), New York, New York, for Appellant.

Robert Fierman, Nesenoff & Miltenberg, LLP, New York, New York, Paul A. Shneyer, Paul A. Shneyer, P.C., and Carol Novak (Robert T. Perry, Center for Constitutional Rights, on the brief), New York, New York, for Appellees.

Present: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

### SUMMARY ORDER

The City of New York and various City officials and law enforcement officers appeal from a permanent injunction issued by Judge McKenna. We affirm for substantially the reasons stated by the district court in its memorandum and order. *See Lederman v. Giuliani,* 2001 WL 902591 (S.D.N.Y. Aug.7, 2001).

Although the district court opinion, and therefore our order, disposes of this appeal on state law grounds—in particular whether enforcement of Section 1–05(b) of Title 56 of the Rules of the City of New York against art vendors violates Section 20–473 of the Administrative Code of the City of New York—we have decided not to certify these issues to the New York Court of Appeals because the interpretation of Section 20–473 will be driven by a prior decision of our court based on federal constitutional grounds. *See Bery v. City of New York,* 97 F.3d 689, 695–96, 699 (2d Cir. 1996) (extending exemption under 20–473 to visual art and art vendors on First Amendment and Equal Protection grounds). For example, *Bery* was relied upon by the New York Criminal Court as the basis for its dismissing criminal charges against art vendors for violations of Section 1–05(b), *see People v. Balmuth,* 178 Misc.2d 958, 681 N.Y.S.2d 439, 443–44 (1998), *aff'd,* 189 Misc.2d 243, 731 N.Y.S.2d 314 (2001) (per curiam), *leave to appeal denied,* 97 N.Y.2d 678, 738 N.Y.S.2d 293, 764 N.E.2d 397 (2001), *People v. Patrick,* 97 N.Y.2d 680, 738 N.Y.S.2d 295, 764 N.E.2d 399 (2001). *Bery* was also relied upon by the district court in its memorandum and order which became the basis for the issuance of the permanent injunction. *See Lederman,* 2001 WL 902591, at *4–*6. Because resolution of the state law issues is driven by our prior interpretation of federal constitutional law, the central question on appeal is whether the district court properly applied *Bery*. We find that it did and therefore affirm.