■ DIANE I. DUA et al., Appellants, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION et al., Respondents. [924 NYS2d 47]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 15, 2010, which denied plaintiffs' motion for a temporary restraining order and preliminary injunction, and granted defendants' motion to vacate the existing temporary restraining order, unanimously affirmed, without costs.

Plaintiffs, artists and vendors of expressive matter—defined as "materials or objects with expressive content, such as newspapers, books, or writings, or visual art such as paintings, prints, photography, or sculpture" (56 RCNY 1-02; 1-05 [b] [2]; Administrative Code of City of NY § 20-473)—seek to enjoin the enforcement of revised regulations (the revised rules) promulgated by the New York City Department of Parks and Recreation. The revised rules would limit such vending to 100 specifically designated sites or "spots" in Union Square Park, Battery Park, High Line Park and portions of Central Park. These sites would be allocated on a first come, first served basis with only one vendor allowed at each site (see 56 RCNY 1-05 [b] [2]).

Plaintiffs failed to demonstrate "a likelihood of ultimate success on the merits" of their challenge to the subject regulations, since they failed to show that the regulations violated their rights under the New York State Constitution (see *Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N. Y.*, 447 US 557, 566 [1980]; see also *Matter of von Wiegen*, 63 NY2d 163, 170 [1984]). The revised rules, although addressed to expressive matter vendors, are part of a comprehensive scheme which governs time, place, and manner rules for all vendors under the Parks Department's jurisdiction. We find that the revised rules are content neutral (see *Bery v City of New York*, 97 F3d 689, 697 [2d Cir 1996], *cert denied* 520 US 1251 [1997]). The City has a significant interest in preserving and promoting the scenic beauty of its parks, providing sufficient areas for recreational uses, and preventing congestion in park areas and on perimeter sidewalks (see *id.*). The revised rules respond to Parks Department concerns that, since 2001, expressive matter vendors have tripled. The general restrictions applicable to all vendors were no longer sufficient to balance the vending of expressive matter with the use of parks by the general public. The revised rules provide open, ample alternative means of communication (see *Matter of Rogers v New York City Tr. Auth.*, 89 NY2d 692, 701 [1997]), since they only apply to four parks.

Expressive matter vendors may operate at any other city park, subject only to general restrictions. Thus, the revised rules satisfy the narrow tailoring requirement of promoting "a substantial government interest that would be achieved less effectively absent the regulation" (*Ward v Rock Against Racism*, 491 US 781, 799 [1989]; *cf. Time Sq. Books v City of Rochester*, 223 AD2d 270, 276 [1996]; *People ex rel. Arcara v Cloud Books*, 68 NY2d 553 [1986]).

The fact that the designated sites are limited in number does not turn the revised rules limitation into de facto licenses in contravention of Local Law No. 33 (1982) of City of New York. Unlike the lottery system rejected in *People v Balmuth* (178 Misc 2d 958 [1998], *affd* 189 Misc 2d 243 [2001], *lv denied* 97 NY2d 678 [2001]), the revised rules do not regulate who obtains any particular designated vending site on any particular day. Nor do the revised rules appear to run afoul of the legislative intent of Local Law No. 45 (1993) of City of New York. While the revised rules allow expressive matter vending at sites and times when food or general vending is allowed, the record reveals that the Parks Department designated 68 sites for expressive matter vending in and around Central Park below 86th Street and authorized only 36 food and souvenir carts to operate in that area. Equally unavailing is plaintiffs' contention that the first come, first served system of allocating designated sites is unconstitutionally vague; due process "requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms" (*Foss v City of Rochester*, 65 NY2d 247, 253 [1985]; *see also Heffron v International Soc. for Krishna Consciousness, Inc.*, 452 US 640, 648-649 [1981]). Finally, the record is not sufficiently developed regarding plaintiffs' assertion that the revised rules violate section 8-107 (4) and (9) of the City Human Rights Law (Administrative Code) and section 296 (2) of the State Human Rights Law (Executive Law § 296 [2]). The testimony at the preliminary injunction hearing highlights that, during the time the revised rules were in effect, both individuals over 40 and women were able to obtain designated spots.

Plaintiffs also failed to demonstrate that either the prospect of imminent and irreparable harm or the balance of equities tips in their favor (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Any expressive matter vendor who is foreclosed from a designated site may, among other things, sell his or her artwork on public sidewalks throughout the City (*see* Administrative Code §§ 17-306, 20-452; *Bery*, 97 F3d at 698-699) or sell in any part of the perimeter of Central Park north of 86th Street, any part of

the interior of Central Park other than the pathways along the Central Drive and Wein and Wallach Walks, and any other park in the City, provided they comply with the general provisions of the revised rules (*see* 56 RCNY 1-05 [b]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 33666(U).]**