Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 20, 2011, which denied plaintiff landlord’s mo *512 tion for a preliminary injunction, unanimously affirmed, with costs.
Plaintiff seeks a preliminary injunction to: a) require defendant tenant to remove a partition she constructed in her studio apartment; and b) discontinue using the apartment as a part-time professional office for her psychology practice. Because plaintiff’s motion seeks an order mandating specific conduct, plaintiff must show a clear right to relief (Second on Second Café, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 265 [2009] [movant must show that preliminary injunction mandating specific conduct is essential to preserve the status quo]).
The injunction was properly denied as to the renovation. Because defendant submitted unrebutted evidence that the predecessor landlord had consented to the renovation, she successfully raised the defense of waiver (see Haberman v Hawkins, 170 AD2d 377 [1991]). As such, plaintiff is unlikely to succeed on the merits. Moreover, while plaintiff described hypothetical injury from the renovation, such as possible criminal liability, it failed to establish irreparable harm (see Dua v New York City Dept. of Parks & Recreation, 84 AD3d 596 [2011]).
The injunction was also properly denied as to the therapy practice. Plaintiff failed to articulate any injury it would suffer as a result of the continuation of the practice. In this connection, we note that the defendant’s use of the apartment was not in violation of the zoning regulations. Concur — Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ. [Prior Case History: 2011 NY Slip Op 31641(U).]