[832 NE2d 23, 799 NYS2d 167]

TOWN OF CONCORD, Respondent, v HENRY DUWE, Appellant.

Decided May 10, 2005

**APPEARANCES OF COUNSEL**

*Harris Beach LLP*, Buffalo (*Alice J. Kryzan* of counsel), for appellant.

*Hodgson Russ LLP*, Buffalo (*Daniel A. Spitzer* and *Jill L. Yonkers* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the County Court should be affirmed.

Defendant occupies property in the town of Concord zoned for residential-agricultural use. In the fall of 2000, having learned that defendant intended to operate a commercial composting facility on the premises, the Town Compliance Enforcement Officer (CEO) served defendant with a letter declaring that the proposed use violated various Town ordinances. Defendant unsuccessfully appealed to the local Zoning Board, claiming that his composting was within the zoning ordinance's definition of agricultural use of property and, alternatively, requesting a variance. After the passage of several months, defendant's counsel notified the Town that defendant intended to initiate a commercial "mulching" operation using tree bark, and in May 2001 defendant purchased nearly $7,000 worth of tree bark from a Pennsylvania lumber company.[1]

The Town then took both civil and criminal enforcement actions—seeking injunctive relief in Supreme Court, and separately charging defendant with criminal violations of seven sections of the Town's ordinances. Supreme Court denied the Town's petition for an injunction, but in Town Court defendant was tried and convicted of having violated four local ordinances. County Court modified Town Court's order, reversing one of defendant's convictions, but affirming his two convictions under the recycling ordinance (Town of Concord Code [Recycling Ordinance] § 109-4 [A], [B]) and his conviction under the zoning ordinance (Town Code [Zoning Ordinance] § 150-11 [A]). We now affirm.

Defendant argues first, that the Legislature preempted the field of solid waste management and, because the Town's ordinances are inconsistent with the Solid Waste Management Act, they are invalid; second, that the Town's ordinances are unconstitutionally vague; and third, that the ruling on the preliminary injunction established the law of the case, collaterally estopping Town Court from considering the issue.

First, as to preemption, in 1988 the Legislature enacted the Solid Waste Management Act, which is codified in various statutory sections, including Environmental Conservation Law article 27. The Solid Waste Management Act, which empowers local governments to adopt ordinances that will achieve the objectives of that law, relied on the ECL's preexisting definition of

---

**1.** In a letter to the Department of Environmental Conservation, defendant estimated that his facility would use about 3,000 cubic yards of tree bark annually. According to the defendant's trial witness, the operation would involve 40 to 60 tractor-trailer loads of tree bark per month.

solid waste: " 'Solid waste' means all . . . substances discarded or rejected as being spent, useless, worthless or in excess to the owners at the time of such discard or rejection, . . . including but not limited to . . . industrial and commercial waste" (ECL 27-0701). According to another section of article 27, also enacted prior to the Solid Waste Management Act, nothing in the state legislation regarding management of solid waste "shall preclude the right of any [local government] to adopt local . . . ordinances" so long as the local legislation will "comply with at least the minimum applicable requirements set forth in" the legislation (ECL 27-0711). Thus, local laws governing municipal solid waste management broader than—but consistent with—the state legislation are explicitly permitted by the Environmental Conservation Law.

Defendant was convicted under the Town's recycling ordinances of accumulating and storing municipal solid waste on his property, as municipal solid waste is defined in the local ordinance (including, but not limited to, "garbage, refuse and other discarded solid materials . . . resulting from industrial, commercial and agricultural operations and from community activities" [Town Code (Recycling Ordinance) § 109-3]).

■ Contrary to defendant's contention, the Town's definition of solid waste is not in any sense inconsistent with the Solid Waste Management Act. Further, the State did not intend to preempt this field, and has explicitly delegated to municipalities broad powers to manage their own waste problems. Those sections of the Solid Waste Management Act absorbed into the Environmental Conservation Law offer no suggestion that they should so overtake the field as to preempt local legislation. In *Monroe-Livingston Sanitary Landfill v Town of Caledonia* (51 NY2d 679, 683-684 [1980]), we held that the State had not preempted the field of waste management through the solid waste disposal provisions that then existed in the Environmental Conservation Law. In 1988, eight years after our decision in *Monroe-Livingston*, the Legislature added the Solid Waste Management Act to the Environmental Conservation Law. Had the Legislature intended to preempt the local regulation of solid waste management, it could have done so in the 1988 Act. The Legislature's silence in this regard is continuing assurance that

the State has not preempted local legislation of issues related to municipal solid waste management.[2]

Because defendant was purchasing the unused tree bark from a commercial lumber operation and storing it on his property for an extended period of time with the intent to resell it as mulch, he was—as the lower courts found—in violation of the Town's recycling ordinances (*see* Town Code [Recycling Ordinance] § 109-4 [A], [B]).

■ Second, as to defendant's claims that the statutes under which he was convicted were unconstitutionally vague, defendant—given the Town CEO's letter and defendant's appeal to the Zoning Board—was on actual notice both that the Town considered the tree bark he was purchasing a municipal solid waste, and of the purported illegality of his mulching operation. Having been reasonably apprised that the operation—purchasing, processing and storing a commercial byproduct—was illegal before he began the operation, his as-applied vagueness challenge to the Recycling Ordinance is without merit. Similarly, defendant had actual notice that the Town considered his mulching operation an impermissible use of his property under the local zoning law (Town Code [Zoning Ordinance] § 150-11 [A]). Again, the Town's CEO ticketed defendant for his use, notifying him that his proposed composting operation, using mostly the same raw materials he also proposed to use in his mulching facility, was neither residential nor agricultural—which charge he appealed and from which he sought a variance—thereby assuring this Court that defendant was on actual notice of the purported criminality of his conduct.

Having determined that defendant's as-applied challenges to the recycling and zoning laws are without merit, "the facial validity of the [ordinances] is confirmed. . . . That is so because, in rejecting the as-applied challenge, [we] . . . have necessarily concluded that there is at least one person—the defendant—to whom the [ordinances] may be applied constitutionally" (*People v Stuart*, 100 NY2d 412, 422-423 [2003]). Of course, "[a] defendant on notice may indeed challenge the statute facially where

---

2. Having determined that the Legislature did not preempt the field of solid waste management, we will not import the exceptions to solid waste set forth in the State's enabling regulations as "beneficial use determinations" (6 NYCRR 360-1.15 [b] [3]). We note, however, that the beneficial use determination upon which defendant asks us to rely exempts wood bark when mulched "at a compost facility operated in compliance with Subpart 360-5 of this Part." Defendant presented no evidence that his facility complied with this regulation.

it is so vague that it leaves the police with arbitrary rather than enforceable standards *in every application*" (*id.* at 423 n 9 [emphasis added]). Here, however, the local ordinance was not so vague as to permit or encourage arbitrary or discriminatory enforcement in every case. Therefore, defendant's facial vagueness challenge fails as well.

Finally, mere denial of the motion for a preliminary injunction did not constitute the law of the case or an adjudication on the merits (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 190 n 1 [1986]). Thus, Supreme Court's order denying the Town's application for preliminary relief enjoining defendant from operating his mulching facility did not have preclusive effect on the ongoing criminal prosecution.

Defendant's remaining contentions likewise lack merit.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.