OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant was charged with violating section 45-4 (H) of the Code of the Town of Brookhaven in that at the time, date and place specified, it dumped debris on a premises known as the Liere Farm which were not a public disposal facility or private disposal facility licensed by the Town. Following a nonjury trial, defendant was convicted as charged.
An appearance ticket is not an accusatory instrument and does not give the court jurisdiction over the defendant. Section 150.50 of the Criminal Procedure Law requires that a legally sufficient accusatory instrument be filed at or before the time such appearance ticket is returnable. This court has consistently held that after issuance of an appearance ticket, the failure to file with the court a proper accusatory instrument mandates reversal and dismissal of the summons (see People v McKee, NYLJ, Mar. 3, 1997, at 30, col 4 [App Term, 9th & 10th Jud Dists]; People v Alberi, NYLJ, Feb. 7, 1990, at 26, col 2 [App Term, 9th & 10th Jud Dists]; People v Cooperman, NYLJ, Jan. 17, 1989, at 26, col 4 [App Term, 9th & 10th Jud Dists]). In the case at bar, following the issuance of an appearance ticket, the People filed with the court a legally sufficient accusatory instrument. Thus, the court’s jurisdiction over the defendant was conferred by the accusatory instrument and defendant’s arraignment thereon, not by the appearance ticket.
Although not referred to in the record, defendant on this appeal makes note of a 1999 action initiated by the Town of Brook-haven in Supreme Court, Suffolk County, against Robert Liere et al. The Town in said action is seeking damages together with an order enjoining the Liere Farm from operating what it alleged is a solid waste management facility (garbage dump) on its premises without the proper permits. The Supreme Court (John J.J. Jones, Jr., J.), following a lengthy hearing that consisted of 20 witnesses and approximately 100 exhibits, denied *6 the Town’s request for a preliminary injunction. Justice Jones, in his order dated January 6, 2000, noted that the Town failed to show a likelihood of success on the merits as it only demonstrated that the farm was receiving trees, branches, leaves and stumps which it processed with chippers to produce mulch which it tilled into the farm acreage or sold. The court further noted that the Town failed to demonstrate any irreparable injury. On March 24, 2005, Supreme Court Justice Peter Fox Cohalan signed an order to show cause restraining the Town from issuing tickets to the Liere Farm’s suppliers charging a violation of section 45-4 (H) of the Code of the Town of Brook-haven as to landscaping debris. However, the decisions by said justices are not dispositive of the instant matter since the defendant is not a party to the Supreme Court action, the restraining order issued by Justice Cohalan was only temporary and not a final determination of the merits, and the underlying basis of the action was the farm’s operation of the premises as a waste management facility without the requisite permits. Similarly, defendant may not rely on the aforementioned temporary orders to establish that the premises in issue were being used as a farm and therefore it is authorized to dump the bramble and brush on said premises in accordance with section 85-405 of the Code of the Town of Brookhaven (Farmland Bill of Rights). Moreover, defendant herein offered no proof at trial to establish that the premises were being operated as a farm.
Challenges to the constitutionality of statutes should be raised by motion, upon notice to the People, prior to trial and in writing (see CPL 170.45, 210.20, 210.45; People v Key, 87 Misc 2d 262 [1976], affd 45 NY2d 111 [1978]; see also People v Guilford, NYLJ, Nov. 10, 1986, at 17, col 1 [App Term, 9th & 10th Jud Dists]; People v Hollstegge, NYLJ, July 3, 1984, at 12, col 5 [App Term, 9th & 10th Jud Dists]). Here the record indicates that said motion was not made prior to trial. Defendant first raised the issue in its posttrial memorandum, after the People had rested. In such situations, this court has held that said issues were not properly preserved for appellate review. However, since the court below considered the issue in the interest of justice (see CPL 255.20 [3]), the issues raised relative thereto are properly before this court.
Governmental bodies have the authority under the police power to enact laws which regulate the conduct of their citizens (see 20 NY Jur 2d, Constitutional Law §§ 189-190). One of the limitations placed upon the power is the requirement of reason *7 ableness (Goldblatt v Hempstead, 369 US 590 [1962]; 20 NY Jur 2d, Constitutional Law §§ 217-218). There is, however, a strong presumption in favor of constitutionality (People v Epton, 19 NY2d 496 [1967], cert denied 390 US 29 [1968]; Matter of Stubbe v Adamson, 220 NY 459 [1917]), and this presumption has been extended to municipal ordinances (People v Scott, 26 NY2d 286 [1970]; Wiggins v Town of Somers, 4 NY2d 215 [1958]). Indeed, every legislative enactment carries with it a presumption that there existed, and that the Legislature found there existed, the necessary factual support for its provisions (Wiggins v Town of Somers, 4 NY2d 215 [1958], supra; Noyes v Erie & Wyoming Farmers Co-op. Corp., 281 NY 187 [1939]; see also De Veau v Braisted, 5 NY2d 236 [1959]). In determining whether a statute or ordinance is unconstitutional, it is important to consider its real character and the results it is intended to accomplish, rather than its title or other purpose (Matter of Zorach v Clauson, 303 NY 161 [1951], affd 343 US 306 [1952]; People ex rel. Griffith, Inc. v Loughman, 249 NY 369 [1928]). Accordingly, the validity of a statute is to be determined from its general purpose and its efficiency to accomplish the aim desired, and not from its effect in the particular case which is before the court (City of Rochester v Gutberlett, 211 NY 309 [1914]; People v Johnson, 63 Misc 2d 800 [1969]). Of course, the reasonableness of an ordinance is simply a question of fact (Matter of Wulfsohn v Burden, 241 NY 288 [1925]; Goldblatt v Hempstead, 369 US 590 [1962], supra) and the burden of showing “unreasonableness” is on defendant (Goldblatt v Hempstead, 369 US 590 [1962], supra; Bibb v Navajo Freight Lines, Inc., 359 US 520, 529 [1959]; United States v Carolene Products Co., 304 US 144, 154 [1938]). Here, section 45-4 (H) simply seeks to impose reasonable limitations on the dumping of waste within the town (see 2 Rathkopf, Zoning and Planning § 22:14).
Defendant also challenges the ordinance as being unconstitutionally vague as applied in that it fails to name bramble and brush as prohibited materials and that it is facially vague in all of its applications.
A statute is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement (see People v Foley, 94 NY2d 668, 681 [2000]; see also Grayned v City of Rockford, 408 US 104, 108 [1972]). Imprecise language does not render a statute fatally vague so long as the language *8 conveys a sufficient definite warning as to the proscribed conduct when measured by common understanding and practices (People v Shack, 86 NY2d 529, 538 [1995]).
An unconstitutional as applied challenge involves a determination as to whether a statute can be constitutionally applied to the defendant under the facts of the case (People v Parker, 41 NY2d 21, 24 [1976]; see also Chapman v United States, 500 US 453, 467 [1991]). A facial challenge, on the other hand, involves a determination of the statute without reference to a defendant’s conduct. In such instances, defendants carry the heavy burden of showing that the statute is impermissibly vague in all of its applications (see United States v Salerno, 481 US 739, 745 [1987]; see also People v Stuart, 100 NY2d 412, 421 [2003]; Matter of Wood v Irving, 85 NY2d 238, 244-245 [1995]).
When a court, as in the case at bar, is faced with both facial and as applied arguments, it must first decide whether the statute is impermissibly vague as applied to the defendant (People v Nelson, 69 NY2d 302, 308 [1987]). If the statute is not impermissibly vague as to defendant, that is the end of the matter as the facial validity of the statute is confirmed (see People v Stuart, 100 NY2d at 422; People v Nelson, 69 NY2d at 308; see also People v Shack, 86 NY2d at 538).
In the case at bar, section 45-4 (H) as applied to defendant prohibits “debris of any sort or any other organic or inorganic material . . . being transported . . . to be dumped, deposited or otherwise disposed of or upon any . . . area whether publically or privately owned” except at a public disposal facility or a private disposal facility licensed by the Town of Brookhaven. Since the above-quoted portion of the ordinance would clearly apprise an ordinary person that the dumping of bramble and brush on other than licensed facilities constitutes a violation thereof, the ordinance is not unconstitutional as applied.
Section 10 (1) (ii) (a) (11) of the Municipal Home Rule Law gives a county, city, town or village the power to enact local laws for the “protection and enhancement of its physical and visual environment.” Subclause (12) thereof grants to said localities the power to pass laws for “[t]he government, protection, order, conduct, safety, health and well being of persons or property therein.” Although local governments possess broad authority to enact legislation that promotes the general welfare of its citizens, they cannot exercise their police power so as to adopt laws that are inconsistent with the Constitution or with any general law of the State (see NY Const, art IX, § 2 [c]; Municipal *9 Home Rule Law § 10 [1] [i], [ii]; see also Matter of Ardizzone v Elliott, 75 NY2d 150, 155 [1989]; Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377 [1989]).
In instances where the State has demonstrated its intent to preempt an entire field and preclude any further local regulation, local law regulating the same subject matter is considered inconsistent and will not be given effect (People v New York Trap Rock Corp., 57 NY2d 371, 378 [1982]; People v Cook, 34 NY2d 100, 109 [1974]). This finding of preemption is justified by the belief that “[s]uch laws, were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State’s general law and thereby thwart the operation of the State’s overriding policy concerns” (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97 [1987]; see also New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987]). The Legislature’s intent to preempt a particular area can be inferred from a declaration of policy or from a comprehensive and detailed scheme in a particular area (New York State Club Assn. v City of New York, 69 NY2d at 217; Consolidated Edison Co. of N.Y. v Town of Red Hook, 60 NY2d 99, 105 [1983]). However, the fact that state and local laws touch upon the same area is insufficient to support a determination that the state law has preempted the entire field of regulation in a given area (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d at 97; People v New York Trap Rock Corp., 57 NY2d at 378). The test is not whether the local law prohibits conduct which is permitted by state law, because that test is much too broad (see People v Cook, 34 NY2d at 109; see also New York State Club Assn. v City of New York, 69 NY2d at 221). Rather, the courts look to whether the State has acted upon a subject, and whether in so acting has evidenced a desire that its regulations should preempt the possibility of varying local regulations (People v Cook, 34 NY2d at 109). While the State has acted upon the regulation of solid waste management (see ECL art 27), it has clearly evidenced an intent not to preempt towns from enacting local regulations which are at least equally stringent (ECL 27-0711; see also Town of Concord v Duwe, 4 NY3d 870 [2005]). In Town of Concord v Duwe (4 NY3d at 874), the Court of Appeals noted that the Town was not preempted from prohibiting the purchase of unused tree bark and storing of same on defendant’s property for an extended period of time with the intent to resell it as mulch. In view of the foregoing, it is clear that the Town of Brookhaven was not prevented from *10 enacting regulations which prohibit the dumping and the disposal of bramble and other debris.
As to defendant’s contention that its conviction should be reversed and the-accusatory instrument dismissed as a matter of discretion in the interest of justice, there is no basis in the record to warrant granting such relief. Reversals made as a matter of discretion in the interest of justice (CPL 470.15 [6]) basically are utilized where error or errors occurred which, although not preserved as a matter of law, nevertheless resulted in an unfair trial (see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 470.15). Here, there are no unpreserved errors which would warrant reversal in the interest of justice. Moreover, we note that the record reflects no compelling factor, consideration or circumstance clearly demonstrating that defendant’s conviction resulted in injustice (CPL 170.40 [1]; 210.40 [1]).
Rudolph, RJ., Angiolillo and McCabe, JJ., concur.