OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the order dated December 20, 2012 is vacated, defendant’s motion to dismiss the accusatory instrument is granted, and the fine, if paid, is remitted.
On June 14, 2012, the People charged defendant, in an information, with violating section 77-38 (D) (2) of the Code of the Town of Kent (Code) in that, on that date, he “park[ed] a prohibited commercial vehicle outdoors” at his residence, namely, a 2010 Ford dump truck registered to defendant at his residential property. Section 77-38, which contains a subdivision bearing the title “Prohibited parking,” states, in pertinent part: “(D) (2) Not more than one commercial vehicle, excluding construction equipment, may be parked on any lot in a residential district, provided that no such vehicle shall have more than four wheels” (emphasis added).
Defendant moved to dismiss the accusatory instrument, arguing, among other things, that the ordinance’s expression “excluding construction equipment” is unconstitutionally vague on its face. By order dated December 20, 2012, the Justice Court denied the motion. After a nonjury trial, the court convicted defendant of the charge.
*43 On appeal, defendant argues that Code § 77-38 (D) (2) is unconstitutionally vague on its face in that it fails to provide adequate notice as to what constitutes a violation. We agree.
A vagueness challenge to a zoning ordinance requires the application of a two-pronged test, to determine first, whether the ordinance “provide [s] sufficient notice of what conduct is prohibited,” and second, whether it is “written in such a manner as to permit or encourage arbitrary and discriminatory enforcement” (People v Bright, 71 NY2d 376, 382 [1988]). “[A] facial challenge requires the court to examine the words of the statute on a cold page and without reference to the defendant’s conduct” (People v Stuart, 100 NY2d 412, 421 [2003]; see e.g. People v Peak Carting, Inc., 11 Misc 3d 4, 8 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). To be facially constitutional, the statute need provide “ ‘only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of [its] terms’ ” (Dua v New York City Dept. of Parks & Recreation, 84 AD3d 596, 598 [2011], quoting Foss v City of Rochester, 65 NY2d 247, 253 [1985]; see also People v Scott, 26 NY2d 286, 291 [1970]), and clear standards for those charged with enforcing the law (see People v Stuart, 100 NY2d at 420-421 [“If a statute is so vague that a potential offender cannot tell what conduct is against the law, neither can (those charged with enforcing it). A vague statute impermissibly delegates basic policy determinations to (the enforcers) . . . ‘for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application’”], quoting Grayned v City of Rockford, 408 US 104, 108-109 [1972]).
The term “construction equipment” is amenable to a commonsense understanding (see McKinney’s Cons Laws of NY, Book 1, Statutes § 94 [“statutory language is generally construed according to its natural and most obvious sense”]; William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 477 [2013]). Apparently construing the reference to such equipment in section 77-38 (D) (2) to mean that parking construction equipment in the specified locations is a per se violation of the ordinance, the People alleged, in the accusatory instrument, as the factual basis of the violation, that defendant parked a dump truck on his property. However, as the phrase “excluding construction equipment,” in the context of the ordinance, can as readily be construed to state a complete exception to the parking prohibition set forth in sec *44 tion 77-38 (D) (2) where construction equipment is concerned (see People v Santana, 7 NY3d 234 [2006]), the ordinance is unconstitutionally vague. “In determining the sufficiency of . . . notice[,] a statute must of necessity be examined in the light of the conduct with which a defendant is charged” (United States v National Dairy Products Corp., 372 US 29, 33 [1963]), and, here, it does not provide “adequate warning” as to “the nature of the offense prohibited” (Matter of Mitchell v Fischer, 300 AD2d 490, 490 [2002]).
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Maraño, P.J., Iannacci and Tolbert, JJ., concur.