Matter of MVM Constr., LLC v Westchester County Solid Waste Commn. (2018 NY Slip Op 04731)





Matter of MVM Constr., LLC v Westchester County Solid Waste Commn.


2018 NY Slip Op 04731


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10420 DECISION, ORDER & JUDGMENT
 (Index No. 15497/11)

[*1]In the Matter of MVM Construction, LLC, petitioner/ appellant, 
v
Westchester County Solid Waste Commission, et al., respondents/respondents.


Leonard E. Lombardi, Scarsdale, NY, for petitioner/appellant.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Linda M. Trentacoste of counsel), for respondents/respondents.



Hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Westchester County Solid Waste Commission dated June 7, 2011, made after a hearing, that the petitioner/plaintiff violated Chapter 826-a of the Laws of Westchester County by conducting class C waste removal activities without obtaining a license from the Westchester County Solid Waste Commission, and thereupon imposed a fine in the sum of $15,000, and action for a judgment declaring, among other things, that Environmental Conservation Law article 27 preempts the County from regulating solid waste removal activities, which proceeding was transferred to this Court by order of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 28, 2015, and appeal by the petitioner/plaintiff from so much of the order as determined that the petitioner/plaintiff is not entitled to a judgment declaring, inter alia, that Environmental Conservation Law article 27 preempts the County of Westchester from regulating solid waste removal activities.
ORDERED that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring, inter alia, that Environmental Conservation Law article 27 does not preempt the County from regulating solid waste removal activities in accordance herewith; and it is further,
ADJUDGED that the determination of the Westchester County Solid Waste Commission is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and [*2]it is further,
ORDERED that one bill of costs is awarded to the respondents/respondents.
The petitioner/plaintiff (hereinafter the petitioner) obtained a permit from the New York State Department of Environmental Conservation (hereinafter the DEC) to remove solid waste, but failed to obtain a permit from the Westchester County Solid Waste Commission (hereinafter the Commission) for that activity, as required by the Westchester County Solid Waste and Recyclables Licensing Law (see Chapter 826-a of the Laws of Westchester County; hereinafter the SWRCLL). Thereafter, while hauling solid waste to a disposal facility in the County, the petitioner was issued several notices of violation for its failure to obtain a permit from the Commission as required by the SWRCLL. After an evidentiary hearing before an Administrative Law Judge (hereinafter the ALJ), and upon the petitioner's admission at the hearing that it had hauled solid waste in the County without SWRCLL permits on three occasions, the Commission confirmed the findings and recommendations in the ALJ's report, and imposed a fine upon the petitioner in the sum of $15,000. The petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78 to review the Commissioner's determination on the ground, among other things, that the determination was, in effect, not supported by substantial evidence, and action for a judgment declaring, inter alia, that Environmental Conservation Law article 27 preempts the County from regulating solid waste removal activities. The respondents/defendants (hereinafter collectively the respondents) moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint for failure to state a cause of action. In an order and judgment (one paper), the Supreme Court granted the motion and, in effect, dismissed the hybrid proceeding and action. The petitioner appealed to this Court, which reversed the order and judgment, denied the motion to dismiss, reinstated the petition/complaint, and remitted the matter to the Supreme Court, Westchester County, for the service and filing of an answer and the administrative record in connection with the causes of action pursuant to CPLR article 78, further proceedings on those causes of action, severance and further proceedings on the causes of action for a declaratory judgment, and the entry of an appropriate amended judgment thereafter in connection with those causes of action (see Matter of MVM Constr., LLC v Westchester County Solid Waste Commn., 112 AD3d 637).
Upon remittal, after the filing of a verified answer and the administrative record, the Supreme Court denied the respondents' objections in point of law to the CPLR article 78 causes of action. Since the CPLR article 78 causes of action raised the issue of whether substantial evidence supported the challenged determination (see CPLR 7803[4]), the court transferred the proceeding to this Court (see CPLR 7804[g]). In addition, the court determined that the petitioner was not entitled to a judgment declaring, inter alia, that Environmental Conservation Law article 27 preempts the County from regulating solid waste removal activities. The petitioner appeals from so much of the order as made that determination.
Initially, we reject the respondents' contention that the appeal should be dismissed as untimely taken. The respondents did not move to dismiss the appeal on this ground, and the record does not establish that the time within which to take an appeal from the order dated September 28, 2015, expired before the petitioner filed its notice of appeal (see CPLR 5513).
"The constitutional home rule provision confers broad police power upon local government relating to the welfare of its citizens" (New York State Club Assn. v City of New York, 69 NY2d 211, 217, affd 487 US 1). In instances where the State has demonstrated its intent to [*3]preempt an entire field and preclude any further local regulation, a local law that regulates the same subject matter is considered inconsistent and will not be given effect. "It is . . . well settled that, if a town or other local government is otherwise authorized to legislate, it is not forbidden to do so unless the State, expressly or impliedly, has evinced an unmistakable desire to avoid the possibility that the local legislation will not be on all fours with that of the State" (People v New York Trap Rock Corp., 57 NY2d 371, 378). The legislature's intent to preempt a particular area can be inferred from a declaration of policy or from a comprehensive and detailed scheme in a particular area (see New York State Club Assn. v City of New York, 69 NY2d 211). However, the fact that State and local laws touch upon the same area is insufficient to support a determination that the State law has preempted the entire field of regulation in a given area (see Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97).
In Monroe-Livingston Sanitary Landfill v Town of Caledonia (51 NY2d 679, 683-684), the Court of Appeals held that the State had not preempted the field of waste management through the solid waste disposal provisions that then existed in the Environmental Conservation Law. Eight years after the decision in Monroe-Livingston, the Legislature added the Solid Waste Management Act of 1988 (hereinafter the Act) to the Environmental Conservation Law. Had the Legislature intended to preempt the local regulation of solid waste management, it could have expressly said so in the Act. The Legislature's silence in this regard is continuing assurance that the State has not preempted local legislation of issues related to municipal solid waste management (see Town of Concord v Duwe, 4 NY3d 870, 873-874).
The petitioner further contends that the SWRCLL violates the Commerce Clause of the United States Constitution (US Const, art I, § 8[3]). A CPLR article 78 proceeding is unavailable to challenge the validity of a legislative act (see generally Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202; Janiak v Town of Greenville, 203 AD2d 329). In any event, the petitioner's argument is without merit. The SWRCLL does not discriminate against interstate commerce on its face (see Niagara Recycling v Town of Niagara, 83 AD2d 316). "Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits" (Pike v Bruce Church, Inc., 397 US 137, 142). The burden of obtaining a Commission-issued permit is not clearly excessive in relation to the putative local interests herein, which include, among other things, the need to address the influence of organized crime in the solid waste and recycling industries in Westchester County.
We now turn to the issue of whether the Commission's determination that the petitioner violated the SWRCLL was supported by substantial evidence (see CPLR 7803[4]). The petitioner admitted that it had previously applied for and was denied a permit by the Commission in 2008, thus strongly suggesting that it knew of the Commission's permitting requirements to haul solid waste into and throughout Westchester County. Furthermore, the DEC-issued permit in effect at the time of the violations only authorized the petitioner to haul and dispose of solid waste at two designated disposal facilities in New Jersey, not in Westchester County. In addition, the DEC-issued permit specified that only one of the petitioner's vehicles was authorized to haul solid waste, while the violations at issue involved two separate vehicles. The determination that the petitioner violated the SWRCLL was supported by substantial evidence.
In light of these violations, the Commission, following the recommendation of the ALJ, fined the petitioner $5,000 per violation. The determination to impose these fines was well [*4]within the terms of the SWRCLL (see SWRCLL § 826-a.601), and was neither arbitrary, capricious, unreasonable, contrary to law, nor an abuse of discretion.
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring, inter alia, that Environmental Conservation Law article 27 does not preempt the County of Westchester from regulating solid waste removal activities (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court