Incorporated Vil. of Lindenhurst v One World Recycling, LLC (2020 NY Slip Op 05037)





Incorporated Vil. of Lindenhurst v One World Recycling, LLC


2020 NY Slip Op 05037


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01912
 (Index No. 3968/16)

[*1]Incorporated Village of Lindenhurst, appellant,
v
One World Recycling, LLC, et al., respondents.


Gerard Glass & Associates, P.C., Babylon, NY, for appellant.
Sinnreich, Kosakoff & Messina LLP, Central Islip, NY (Lisa A. Perillo and Vincent J. Messina, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 22, 2017. The order, after a hearing, denied the plaintiff's motion for preliminary and permanent injunctive relief.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for permanent injunctive relief; as so modified, the order is affirmed, without costs or disbursements.
The defendant One World Recycling, LLC (hereinafter One World LLC), owns and operates a waste management facility (hereinafter the facility) in Lindenhurst. One World LLC acquired the facility in November 2012. The defendant One World Recycling, Inc. (hereinafter One World Inc.), operated the facility prior to November 2012.
Pursuant to a renewal permit effective August 12, 2008, One World Inc. was authorized by the New York State Department of Environmental Conservation (hereinafter the DEC) to accept and process up to 370 tons per day of commercial waste and/or construction and demolition debris, with a weekly combined average not to exceed 2,200 tons (hereinafter the 2008 limits).
In the wake of Hurricane Sandy on October 29, 2012, the DEC granted One World Inc. an emergency authorization to temporarily receive and process up to 1,100 tons of storm debris per day. Prior to the expiration of the emergency authorization, One World LLC—which had recently acquired the facility—applied to the DEC, inter alia, to permanently increase the facility's processing capacity to 1,100 tons per day.
While One World LLC's application was pending, the plaintiff, the Incorporated Village of Lindenhurst, commenced this action against the defendants, asserting causes of action sounding in breach of contract and nuisance, seeking to enjoin the defendants from exceeding the 2008 limits, and seeking a judgment declaring that the facility is operating in violation of Code of the Village of Lindenhurst § 193-113. The Village alleged, inter alia, that One World LLC's application to the DEC to permanently increase the facility's processing capacity to 1,100 tons per [*2]day violated the terms of certain prior agreements entered into between the Village and One World Inc. The Village also alleged that the facility's continued operation in excess of the 2008 limits after the public emergency caused by Hurricane Sandy had subsided constituted a nuisance. The Village moved, by order to show cause, inter alia, to preliminarily enjoin the defendants from accepting and processing more than 500 tons of commercial waste and/or construction and demolition debris per day at the facility, and to permanently enjoin the facility from exceeding the 2008 limits.
The Supreme Court directed a hearing on the Village's motion, and all parties agreed, both at the outset and again at the end of the hearing, that the court would rule only on the Village's request for a preliminary injunction. After the hearing was completed but before the Supreme Court issued its decision, the DEC, on September 19, 2016, issued a renewal permit allowing One World LLC to receive and process and transfer commercial waste, construction and demolition debris, and recyclables at an average annual rate of 500 tons per day, based on a 312 operating day year, and to receive no more than 600 tons of waste on any given day.
In light of the DEC's issuance of the 2016 renewal permit, the Supreme Court denied the Village's request for preliminary injunctive relief, and further ruled that the Village was not entitled to permanent injunctive relief. The Village appeals.
As a threshold matter, the Supreme Court erred in determining, in effect, that it did not have the authority to issue declaratory or injunctive relief limiting the maximum amount of waste that could be processed at the facility in an amount less than that permitted by the DEC. Indeed, "the State has not preempted local legislation of issues related to municipal solid waste management" (Town of Concord v Duwe, 4 NY3d 870, 874; see Matter of MVM Constr., LLC v Westchester County Solid Waste Commn., 162 AD3d 1036, 1039). Thus, the DEC's issuance of the 2016 renewal permit did not per se preclude the court from considering the merits of the causes of action asserted in the Village's complaint.
Nevertheless, we agree with the Supreme Court's determination that the Village was not entitled to preliminary injunctive relief—albeit for reasons different from those expressed in the order appealed from. "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301). "The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596).
Here, as a practical matter, the DEC's issuance of the 2016 renewal permit largely obviated the need for an order preliminarily enjoining the defendants from accepting and processing more than 500 tons of commercial waste and/or construction and demolition debris per day. In other words, in light of the issuance of the 2016 renewal permit, a preliminary injunction was no longer needed to maintain the status quo, and the Village, therefore, cannot establish irreparable harm if the preliminary injunction is denied. However, the Supreme Court had an insufficient legal or factual basis, at this preliminary stage, to deny the Village's request for permanent injunctive relief precluding One World LLC from exceeding the 2008 limits. Indeed, if the Village is ultimately able to establish, at trial, that the defendants breached the terms of a prior agreement entered into between the Village and One World Inc., or that the facility's operation in excess of the 2008 limits constitutes a nuisance, or that the facility is operating in violation of the Village's zoning code, then the Village may well be entitled to permanent injunctive relief as an appropriate remedy (see Boomer v Atlantic Cement Co., 26 NY2d 219; Incorporated Vil. of Sea Cliff v Larrea, 106 AD3d 876; 67A NY Jur 2d, Injunctions § 55). Moreover, the defendants' contention that the Village lacks standing to assert a nuisance claim on behalf of its citizens lacks merit (see New York Trap Rock Corp. v Town of Clarkstown, 299 NY 77, 83-84).
Accordingly, we modify the order appealed from to the extent indicated.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court