Matter of The Natl. Waste & Recycling Ctr. v Metropolitan Transfer Sta., Inc. (2020 NY Slip Op 07674)





Matter of The Natl. Waste & Recycling Ctr. v Metropolitan Transfer Sta., Inc.


2020 NY Slip Op 07674


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 101686/18 Appeal No. 12669 Case No. 2020-02121 

[*1]In the Matter of The National Waste & Recycling Center et al, Petitioners-Plaintiffs-Appellants,
v
Metropolitan Transfer Station, Inc., Petitioner-Defendant, City of New York et al., Respondents-Defendants-Respondents. New York City Environmental Justice Alliance, Organization United for Trash Reduction & Garbage Equity, International Brotherhood of Teamsters Local 813 and Cleanup North Brooklyn, Amici Curiae.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.
New York Lawyers for the Public Interest, New York (Melissa Iachan of counsel), and Hughes Hubbard & Reed LLP, New York (Theodore V.H. Mayer of counsel), for amici curiae.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about October 7, 2019, which, in this hybrid article 78 proceeding challenging the adoption and constitutionality of Local Law 152, granted respondents-defendants' motions to dismiss the petition and complaint, unanimously affirmed, without costs.
We affirm based on Supreme Court's well-reasoned and thoughtful analysis. Supreme Court properly granted the motions to dismiss the petition and complaint. The record shows that the City conducted an appropriate environmental review of Local Law 152 that complied with SEQRA/CEQR (see Matter of Jackson v New York State Urban Dev. Corp. 67 NY2d 400, 417 [1986]); that the law was not preempted by state law (see Town of Concord v Duwe, 4 NY3d 870, 872-873 [2005]); and and the forced waste capacity reductions do not violate any constitutional rights of petitioner transfer station owners (cf. Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127 [2010]).
We have considered petitioners-plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020